SCHULTZ CONSTRUCTION COMPANY *v.* LOVETT.

Opinion delivered February 10, 1930.

*Pryor, Miles & Pryor,* for appellant.

*Partain & Agee,* for appellee.

HUMPHREYS, J. The sole question presented by this appeal is whether the record contains any substantial evidence tending to show negligence on the part of appellant which contributed to appellee's injury. An automobile operated by Henry Shull ran into a cable in use by appellant causing it to hit appellee, who was engaged in his duties near the cable, with such violence and force that he was thrown twelve feet into the air and thirty feet from where he was standing, and severely injured him. He sued appellant for damages in the sum of $3,000, and recovered a judgment for $500 on account of the injury for alleged negligence in placing him at work with the cable stretched across a traveled street without putting out any warning sign of approaching traffic,

and maintaining an outlook to protect appellee while engaged in the performance of his duties.

The record reflects that a three-quarter inch steel cable was attached at one end to a railroad car, containing sand, which was standing on one side of the main street in Alma, Arkansas, with the other end attached to a clam shell on the other side of the street, for the purpose of pulling the car across said street; that, in doing this, appellee was directed by Ole Oleson, appellant's foreman, under whom he was working, to stand in front of the car, and pull the slack out of the cable when the clam shell stopped working, to keep the cable from being run over by the wheels of the railroad car, and that, while engaged in his work, a traveler by the name of Shull ran his automobile into the cable, causing it to strike the cable in the manner, and with the result alleged in the complaint.

Ole Oleson testified that he was the clam shell operator for appellant and engaged, at the time of the injury to appellee, in pulling a railroad car containing sand across the street with the cable and clam shell; that it was appellee's duty to pull the slack out of the cable, and to watch for traffic coming from the south, while it was the duty of another employee by the name of Rob Bounds to watch for traffic from the north, and to perform other duties around the car of sand; that, while Rob Bounds had gone to the car to perform duties there, the automobile driven by Shull came from the north, and struck the cable just as appellee was going to pick it up to keep the slack away from the wheels of the railroad car; that just as appellee started down the automobile came along and struck the cable; that he put no one up the street to stop the traffic.

The record also reflects that no signs warning the traffic were put out.

On cross-examination the following questions were propounded to and answered by appellee:

"Q. Was the place provided for you to work a safe place? A. Why, the street was a safe place if that man had stayed back where he belonged and not knocked me out in the street. It is just as safe a place as you ever saw if that man had stayed where he belonged. Mr. Hardin: We object to the statement about where he belongs. The court: Yes, that is right. Q. When this cable was stretched across the street, was it easy to see? A. Yes sir. Any one could have seen it. Q. Do you think it was necessary, to prevent a man in a car from running into the cable, to place a watchman there? A. No sir. It was not necessary to have a watchman there. He could see the cable. Mr. Hardin: We object on the ground that these are conclusions. The court: That is well taken."

Appellant contends for a reversal of the judgment, because appellee is bound by his answers tending to show that the street was a safe place to work without a watchman being stationed there, and without signs being put out to warn the public. The questions and answers are set out above. They were objected to by the attorney for appellant's co-defendant, and ruled out by the court. They cannot be treated as a part of the record against appellee on this appeal as they were ruled out by the trial court generally, and for all purposes. The record stands as if the questions had never been asked and answered. In this view it is unnecessary to decide whether these questions and answers within themselves would have precluded appellee from recovering a judgment.

Appellant also contends for a reversal of the judgment, because there is no substantial evidence tending to show any negligence on the part of appellant. We cannot agree with appellant in this contention. The law imposed the duty upon it to use ordinary care to make the place reasonably safe for its employees, and it could have done this by putting out warnings and watchmen to keep the traffic back while appellee was

at work. He was called from other work to this place for the purpose of taking up the slack out of the cable, and was unable to watch and protect himself against traffic approaching him from the rear or the north at the time his attention was required in the performance of his other duties.

Appellant also contends for a reversal of the judgment, because the injury it claims resulted to appellee through the negligence of his co-employee, Rob Bounds in leaving the place as watchman. This would have been true, had his co-employee abandoned his post as watchman without the knowledge of appellant. The record reflects that he left, not only with the knowledge of appellant's foreman, but with his implied consent, to attend to appellant's business around the car of sand. This made his leaving or his absence the negligence of appellant.

No error appearing, the judgment is affirmed.